UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE LEE JESTER, | ) | |
| | ) | Case No. 1:05-CV-02644 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| MARGARET BRADSHAW, Warden, | ) | Magistrate Judge Kenneth McHargh |
| | ) | |
| Respondent. | ) | |
| | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court is the report and recommendation ("R&R") [Docket No. 12] of Magistrate Judge McHargh, filed May 31, 2007, recommending dismissal of *pro se* petitioner Willie Lee Jester's ("Jester") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1]. Jester filed an objection to the R&R on June 11, 2007 [Docket No. 13]. Jester's sole claim for relief in his petition is a purported due process claim under the Fourteenth Amendment, based on Jester's allegation that the state trial court improperly denied his motion to supplement or amend his state post-conviction petition. The R&R noted, correctly, that even if Jester could demonstrate some error on the state trial court's part during state habeas proceedings, that claim is not cognizable on federal habeas review. *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (citations omitted); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986).

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the Magistrate Judge's disposition to which specific objections have been made. Accordingly, Local Rule 72.3 (b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A District

Judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id*. In his only objection, Jester attempts to argue that the rule announced over twenty years ago in *Kirby* does not apply to him, because the petitioner in *Kirby* did not seek release from custody in the state post-conviction proceeding forming the basis of the federal habeas claim. Jester's attempt to distinguish *Kirby* is unsuccessful, because *Kirby* did not rely upon the precise nature of the relief sought at the state level in holding that errors in state post-conviction proceedings are not cognizable on federal habeas review. Instead, the Sixth Circuit in *Kirby* focused on the nature of the state post-conviction proceeding itself in determining that federal habeas relief could not reach alleged errors in such proceedings, and has consistently held that to be the case ever since. *Kirby*, 794 F.2d at 246-47; *see, e.g., Cress*, 484 F.3d at 853. The court therefore overrules Jester's objection, adopts the R&R in its entirety, and dismisses Jester's petition.

This order is final, but not appealable, as the court certifies pursuant to 28 U.S.C. § 2253(c)(2) that Jester has not made a substantial showing of the denial of a constitutional right, and declines to issue a certificate of appealability for this order.

IT IS SO ORDERED.

                                           */s/ Ann Aldrich*
                                           ANN ALDRICH
                                           UNITED STATES DISTRICT JUDGE

**Dated: July 2, 2007**